# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2013

No. 12-40972
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN OLIVER MANNING, also known as Fish,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CR-37-2

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

John Oliver Manning appeals from his jury verdict conviction for conspiracy to commit assault with a dangerous weapon in aid of racketeering activity (Count One), assault with a dangerous weapon in aid of racketeering activity (Count Two), using and carrying a firearm during and in relation to a crime of violence (Count Three), and being a felon in possession of a firearm and ammunition (Count Four). The district court sentenced him to a total of 355 months of imprisonment and five years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The indictment in this case included 16 general allegations stating that Manning and codefendant Joshua Bodine were members of the Aryan Brotherhood of Texas (ABT), detailing the structure and operations of the ABT, and asserting that Manning's attack on victim Matthew Fails occurred while Manning was acting on Bodine's orders regarding an outstanding debt that Fails owed to Bodine. Manning argues that the district court erred by failing to grant his motion for a judgment of acquittal because the Government failed to prove beyond a reasonable doubt all of the general allegations, which were incorporated by reference into Counts One and Two. Because the issue was properly preserved for appeal, we review the district court's denial of Manning's motion for a judgment of acquittal de novo. *United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007). We review the evidence and the reasonable inferences which flow therefrom in the light most favorable to the verdict. *Id.* We also "consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Jara-Favela*, 686 F.3d 289, 301 (5th Cir. 2012) (internal quotations marks and citation omitted).

Manning asserts that the Government relied upon those general allegations as an alternate method of proving that the ABT constituted an enterprise engaged in racketeering activity, which was one of the elements of Counts One and Two, but he does not argue that the Government failed to prove those elements. Instead, he contends that the inclusion of those general allegations in that manner required the Government to prove each of those allegations beyond a reasonable doubt. To the extent that those general allegations did not allege the essential elements of the crime, Manning has failed to show that the Government was obligated to prove them beyond a reasonable doubt. *See United States v. Valencia*, 600 F.3d 389, 432 (5th Cir. 2010) (holding that the government must prove facts alleged in the indictment that meet the essential elements of the charged crime, and any additional facts alleged that go beyond the essential elements are treated as mere surplusage).

Similarly, Manning argues that the district court erred by allowing the jury to convict him based upon a jury charge that did not require proof beyond a reasonable doubt as to all of the general allegations contained in the indictment and incorporated into Counts One and Two. Because Manning cannot show that the jury charge he desired was a substantively correct statement of the law as to the Government's burden to prove the general allegations, he has not shown that the district court abused its discretion. *See United States v. Porter*, 542 F.3d 1088, 1093 (5th Cir. 2008).

Next, Manning contends that the district court erred by admitting evidence that he had previously been involved in a prior incident that had some similarities to the instant offense. We review the district court's decision to admit evidence pursuant to Federal Rule of Evidence 404(b)(2) under a heightened abuse of discretion standard because evidence in a criminal trial must be strictly relevant to the charged offense. *United States v. Templeton*, 624 F.3d 215, 221 (5th Cir. 2010). Because the extrinsic evidence admitted at trial satisfied both prongs of the test set forth in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978), Manning has failed to show that the district court abused its discretion in this regard.

Finally, Manning argues that the district court erred by permitting a witness to testify as an expert regarding the ABT because he was not qualified to be an expert and his testimony was not sufficiently reliable. Examination of the record shows that the district court's ruling that the witness was qualified as an expert had a sufficient basis for purposes of Federal Rule of Evidence 702. Because Manning has not shown that the district court's ruling was manifestly erroneous, the district court did not abuse its discretion by admitting that expert testimony. *See Valencia*, 600 F.3d at 423.

The judgment of the district court is AFFIRMED.